**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1681-15T2

T.A.,

    Petitioner-Appellant,

v.

DEPARTMENT OF COMMUNITY AFFAIRS,
DIVISION OF HOUSING,

    Respondent-Respondent.

_____

        Argued October 16, 2017 - Decided November 1, 2017

        Before Judges Accurso and Vernoia.

        On appeal from Department of Community
        Affairs, Division of Housing.

        Sonia Bell argued the cause for appellant
        (South Jersey Legal Services, Inc.,
        attorneys; Ms. Bell, on the brief).

        Debra A. Allen, Deputy Attorney General,
        argued the cause for respondent (Christopher
        S. Porrino, Attorney General, attorney;
        Melissa Dutton Schaffer, Assistant Attorney
        General, of counsel; Ms. Allen, on the
        brief).

PER CURIAM

    T.A. appeals from a final decision of the Department of

Community Affairs terminating her Section 8 rental assistance

benefits based on false statements of her family's income. We affirm.

The Administrative Law Judge presiding over the hearing in this matter found the essential facts largely undisputed. T.A. lived in a three-bedroom house in Camden with her two daughters, ages twenty-two and twenty at the time of the hearing in 2015. She had been a participant in the Section 8 Housing Choice Voucher Program for fourteen years before her termination in 2014, recertifying her eligibility annually.

T.A. attended a recertification meeting with her daughters in December 2013, at which they all signed statements certifying to zero household income. In the course of verifying those statements in accordance with federal regulations, the Department learned their representations were false, and that T.A.'s daughters had earned over $19,000 during 2012 and 2013. Those misrepresentations resulted in T.A. receiving $7002 in housing subsidies to which she was not entitled over two recertification periods. In March 2014, the Department advised T.A. it was terminating her participation in the Section 8 program.

At the hearing before the ALJ, T.A. admitted her daughters earned the income the Department claimed they had, and that she owed $7002 in overpaid housing subsidies. She also admitted an

older daughter had made similar false statements about her income a few years previous, and thus no longer resided with the family. T.A. contended, however, that she was unaware her younger daughters were working until the Department notified her it was terminating her rent subsidy. T.A. claimed her daughters worked overnight shifts, leaving the house after she was asleep and returning before she was up in the morning. When the ALJ asked where her daughters worked, T.A. replied that one worked at Macy's and the other at Walmart. When the judge asked how her daughters were working overnight for over a year at retail stores, T.A. said, "Inventory."

Although admitting the false statements regarding her household income, T.A. claimed she was entitled to an "accommodation," reversing the Department's decision to terminate her participation in the program and allowing her to continue to receive her housing subsidy while she paid back the money she owes. She testified that between 2011 and 2012 she suffered the deaths of nine people close to her, resulting in a debilitating depression. T.A. did not present a doctor or psychologist to support her claim. At the hearing, she presented only a four-line letter from a doctor at Cooper Family Medicine saying T.A. "was seen in [her] office on 8/21/2014,"

was previously followed by someone else "for depression" and "was started on Paxil on 3/14/14."

The Department's witnesses testified that no accommodation request was made until it was presented by T.A.'s lawyer to the hearing officer at the departmental hearing, months after T.A. was advised her subsidy was being terminated. They also noted that T.A.'s claimed depression post-dated the period during which her daughters were working.[1]

One of the Department's witnesses explained that T.A. could not qualify for a repayment plan because she owed more than double the $3000 limit for such plans. The witness explained that HUD (the Department of Housing and Urban Development) required repayment of all amounts owed within thirty-six months, but caps the monthly repayment amount at a percentage of the participant's annual adjusted income. The $3000 cap represents the most a participant can owe and repay within thirty-six months given those percentage of income caps and income eligibility requirements. Because T.A. cannot repay the amount she owes within thirty-six months while staying within the HUD imposed income caps, she does not qualify for a repayment plan.

_____

[1] While the record remained open, T.A. submitted a letter from another doctor at Cooper Family Medicine, dated the day after the hearing. The letter consisted of one line stating: "T[] has had depression at least since 2011."

The ALJ affirmed the Department's decision to terminate T.A.'s Section 8 rental assistance benefits. In a written decision, the judge noted she "afford[ed] little weight to petitioner's testimony . . . that she was unaware that either of her daughters was working." The judge found it "simply not credible that [T.A.] was unaware of any employment by either daughter for this substantial period of time." Although the judge accepted the sincerity of T.A.'s testimony that she was "overwhelmed by personal tragedy" from the loss of her family members in 2011 and 2012, the ALJ concluded it did not justify T.A.'s failure to report her daughters' earnings. The judge also rejected petitioner's claim that her depression "somehow mandates an accommodation for the failure to report nineteen thousand dollars of income in 2012 and 2013."

On appeal, T.A. argues the ALJ relied on inapplicable regulations in upholding the termination of her rental subsidy and that the Department's "denial of accommodation was improper where the Agency failed to follow its own procedures." She asks that we order the Department to "relax its policy and allow her an installment plan to satisfy a $7000 underpayment."

Because the Commissioner failed to modify or reject the ALJ's decision within forty-five days, it was deemed adopted pursuant to N.J.S.A. 52:14B-10(c), and is thus the final agency

decision we review on appeal.  See Newman v. Ramapo Coll. of N.J., 349 N.J. Super. 196, 202 (App. Div. 2002).  Our review of administrative agency actions is, of course, limited.  In re Herrmann, 192 N.J. 19, 27 (2007).  We do not independently assess the evidence in the record as if we were the court hearing it in the first instance.  In re Taylor, 158 N.J. 644, 656 (1999).  So long as the ALJ's factual findings are supported by adequate, substantial and credible evidence in the record, they are considered binding on appeal.  Ibid.  We will not upset an agency's final quasi-judicial decision absent a "clear showing that it is arbitrary, capricious, or unreasonable, or that it lacks fair support in the record."  In re Herrmann, supra, 192 N.J. at 27-28.

Applying those standards here, petitioner has provided us no basis on which to overturn the ALJ's decision.  We acknowledge that the ALJ, although several times referring to the Section 8 program and the federal regulations governing it, also referenced, and applied, the State regulations governing the State's Rental Assistance Program (S-RAP), N.J.S.A. 52:27D-287.1 to -287.4.  As the State's regulations mirror those promulgated under the Section 8 program, see 175 Exec. House, L.L.C. v. Miles, 449 N.J. Super. 197, 205-06 (App. Div. 2017), and T.A. does not dispute she violated the Section 8 regulations

by failing to report her daughters' income, see 24 C.F.R. § 982.551(b), we find the error of no consequence.

We reject T.A.'s claim that the Department owes her any accommodation arising out of her failure to truthfully certify to her household income. The record is clear that T.A. never requested an accommodation from the Department until months after receipt of the initial decision terminating her Section 8 benefits. Her counsel first raised the issue to the hearing officer at the departmental hearing, asserting "[the] accommodation sought is the rescission of the proposed terminat[ion] of [T.A.'s] participation in the Section 8 program, as well as a repayment schedule to clear the debt."

Under the circumstances, both the hearing officer and the ALJ, appropriately in our view, treated the request as a defense to termination based on T.A.'s claimed inability to supervise her daughters because she was depressed over the deaths of several family members. Neither agreed the condition T.A. described, to which no doctor testified, excused the truthful reporting of petitioner's household income. More important, the ALJ deemed T.A.'s testimony that she was unaware her daughters were working as unworthy of belief.

Because we find no error in the Department terminating petitioner's Section 8 rental assistance benefits based on the

admitted false statements of her family's income over two recertification periods, we affirm.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION